IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CEPHALON, INC. and CEPHALON FRANCE, | ) ) | |
| Plaintiffs, | ) ) | C.A. No. 09-954-GMS |
| v. | ) ) ) | |
| MYLAN PHARMACEUTICALS INC., | ) ) | |
| Defendant. | ) ) | |

## AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Cephalon, Inc. and Cephalon France (collectively "Cephalon") bring this action for patent infringement against Defendant Mylan Pharmaceuticals Inc. This action concerns patents related to Cephalon's pharmaceutical product, Nuvigil® (armodafinil), a prescription drug widely used and indicated to improve wakefulness in patients with excessive sleepiness associated with obstructive sleep apnea/hypopnea syndrome, narcolepsy, and shift work sleep disorder.

## PARTIES

1. Cephalon, Inc. is a Delaware corporation having its corporate offices and principal place of business at 41 Moores Road, Frazer, Pennsylvania 19355. Cephalon, Inc. is engaged in the business of research, development, manufacture, and sale of pharmaceutical products throughout the world.

2. Cephalon France is a société par actions simplifiée ("SAS") under the laws of France, a wholly-owned subsidiary of Cephalon, Inc., and located at 20 Rue Charles Martigny, 94701 Maisons-Alfort Cedex, France.

3. On information and belief, Mylan Inc. is a corporation organized and existing under the laws of Pennsylvania, with a principal place of business at 1500 Corporate Drive, Canonsburg, Pennsylvania 15317.

4. On information and belief, Mylan Pharmaceuticals Inc. ("Mylan Pharmaceuticals") is a corporation organized and existing under the laws of West Virginia, with a principal place of business at 781 Chestnut Ridge Road, Morgantown, West Virginia 26505.

5. On information and belief, Matrix Laboratories Limited ("Matrix Ltd.") is a corporation organized and existing under the laws of India, with a principal place of business at 1-1-151/1, 4th Floor, Sai Ram Towers, Alexander Road, Secunderabad – 500 003, India.

6. On information and belief, Matrix Laboratories Inc. ("Matrix Inc.") is a corporation organized and existing under the laws of Delaware, with a principal place of business at 76 South Orange Avenue, Suite 301, South Orange, New Jersey 07079.

7. On information and belief, Mylan Inc. is the parent corporation of Mylan Pharmaceuticals, Matrix Ltd., and Matrix Inc.

8. On information and belief, Mylan Pharmaceuticals, itself and through Mylan Inc., Matrix Ltd., and Matrix Inc., is in the business of making and selling generic pharmaceutical products, which it distributes, markets, and/or sells in Delaware and throughout the United States.

9. On information and belief, Mylan Inc., itself and through its wholly-owned subsidiaries, Mylan Pharmaceuticals, Matrix Ltd., and Matrix Inc., is in the business of making and selling generic pharmaceutical products, which it distributes, markets, and/or sells in Delaware and throughout the United States.

## JURISDICTION AND VENUE

10. Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391 and 1400(b).

11. This Court has personal jurisdiction over Mylan Pharmaceuticals by virtue of, *inter alia*, its marketing and sales activities in this judicial district, including but not limited to the substantial, continuous, and systematic distribution, marketing, and/or sales of generic pharmaceutical products to residents of this judicial district.

## NATURE OF THIS ACTION

12. This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and in particular under 35 U.S.C. § 271(e). This action relates to Abbreviated New Drug Application ("ANDA") No. 20-0043 filed by Mylan Pharmaceuticals ("Mylan's ANDA No. 20-0043") with the United States Food and Drug Administration ("FDA") for approval to market generic copies of Cephalon's successful Nuvigil® pharmaceutical products that are sold in the United States.

## BACKGROUND

13. Cephalon, Inc. is the holder of approved New Drug Application ("NDA") No. 21-875 for the use of Nuvigil® (armodafinil) tablets in 50 mg, 100 mg, 150 mg, 200 mg, and 250 mg dosage strengths, as indicated to improve wakefulness in patients with excessive sleepiness associated with obstructive sleep apnea/hypopnea syndrome, narcolepsy, and shift work sleep disorder.

14. Cephalon, Inc. is the owner by assignment, and has the right to sue for infringement, of U.S. Reissue Patent No. RE37,516 E ("the '516 patent"), entitled "Acetamide Derivative Having Defined Particle Size." The '516 patent was duly and legally issued by the United States Patent and Trademark Office on January 15, 2002. A true and correct copy of the '516 patent is attached as Exhibit A.

15. Cephalon France is the owner by assignment, and has the right to sue for infringement, of U.S. Patent No. 7,132,570 B2 ("the '570 patent"), entitled "Method for the Production of Crystalline Forms and Crystalline Forms of Optical Enantiomers of Modafinil." The '570 patent was duly and legally issued by the United States Patent and Trademark Office on November 7, 2006. A true and correct copy of the '570 patent is attached as Exhibit B.

16. Upon information and belief, Mylan Pharmaceuticals filed ANDA No. 20-0043 with the FDA under 21 U.S.C. § 355(j), seeking approval for the commercial manufacture, use, and sale of armodafinil capsules in 50 mg, 150 mg, and 250 mg dosage strengths, which was amended to provide for the additional dosage strengths of 100 mg and 200 mg ("Mylan's generic armodafinil products"), before the expiration of the '516 and '570 patents ("patents-in-suit"). On information and belief, as part of its ANDA, Mylan Pharmaceuticals filed a "Paragraph IV Certification," pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), alleging that the patents-in-suit are "invalid or will not be infringed by the manufacture, use, or sale of" Mylan's generic armodafinil products that are the subject of Mylan's ANDA No. 20-0043.

17. Mylan Pharmaceuticals caused to be sent to Cephalon a letter ("the Notice Letter"), dated November 2, 2009, notifying Cephalon that Mylan Pharmaceuticals had filed ANDA No. 20-0043 seeking approval to market Mylan's generic armodafinil products prior to

the expiration of the patents-in-suit, and was providing information to Cephalon pursuant to 21 U.S.C. § 355(j)(2)(B)(ii). Cephalon received the Notice Letter on or about November 3, 2009.

18. The Notice Letter contained no allegation of non-infringement for one or more claims of the '570 patent.

## COUNT I FOR INFRINGEMENT OF THE '516 PATENT

19. Cephalon realleges and incorporates by reference paragraphs 1-18.

20. Mylan Pharmaceuticals has filed or caused to be filed ANDA No. 20-0043 with the FDA, seeking authorization to manufacture, import, market, use, offer for sale, and/or sell Mylan's generic armodafinil products before the expiration of the '516 patent. On information and belief, Mylan Pharmaceuticals also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '516 patent is invalid, unenforceable, and/or not infringed.

21. By submitting its ANDA No. 20-0043 under § 505(j) of the Federal Food, Drug, and Cosmetic Act for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Mylan's generic armodafinil products before the expiration of the '516 patent, Mylan Pharmaceuticals has infringed the '516 patent under 35 U.S.C. § 271(e)(2).

22. Upon information and belief, Mylan Inc., Matrix Ltd., and Matrix Inc. have acted in concert with Mylan Pharmaceuticals, actively supporting, participating in, encouraging, and inducing the filing of Mylan's ANDA No. 20-0043 for Mylan's generic armodafinil products, and in the preparation to sell in the United States Mylan's generic armodafinil products.

23. Upon information and belief, Mylan Pharmaceuticals intends, soon after the FDA has approved Mylan's ANDA No. 20-0043, to begin manufacturing, marketing, selling, and/or

offering to sell Mylan's generic armodafinil products with a product insert that will direct physicians and patients in the use of Mylan's generic armodafinil products.

24. Upon information and belief, Mylan's generic armodafinil products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '516 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

25. Upon FDA approval of Mylan's ANDA No. 20-0043, Mylan Pharmaceuticals will infringe the '516 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing Mylan's generic armodafinil products in the United States, and by actively inducing and contributing to infringement by others under 35 U.S.C. §§ 271(b) and (c).

26. Upon information and belief, Mylan Pharmaceuticals will actively aid, abet, encourage, and induce others in the production, importation, sale, offer for sale, and use of Mylan's generic armodafinil products.

27. Upon information and belief, Mylan Pharmaceuticals will actively participate in the production, importation, sale, offer for sale, and/or use of Mylan's generic armodafinil products.

28. Upon information and belief, the offer to sell, sale, and/or importation of Mylan's generic armodafinil products would actively induce infringement under 35 U.S.C. § 271(b) of at least one claim of the '516 patent, either literally or under the doctrine of equivalents.

29. Upon information and belief, Mylan Pharmaceuticals had knowledge of the '516 patent and knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '516 patent, either literally or under the doctrine of equivalents.

30. Upon information and belief, the offer to sell, sale, and/or importation of Mylan's generic armodafinil products would contributorily infringe under 35 U.S.C. § 271(c) at least one of the claims of the '516 patent, either literally or under the doctrine of equivalents.

31. As a result of Mylan Pharmaceuticals' infringement of the '516 patent, Cephalon has been and will continue to be damaged unless said infringement is enjoined by this Court. Cephalon has no adequate remedy at law.

## COUNT II FOR INFRINGEMENT OF THE '570 PATENT

32. Cephalon realleges and incorporates by reference paragraphs 1-31.

33. Mylan Pharmaceuticals has filed or caused to be filed ANDA No. 20-0043 with the FDA, seeking authorization to manufacture, import, market, use, offer for sale, and/or sell Mylan's generic armodafinil products before the expiration of the '570 patent. On information and belief, Mylan Pharmaceuticals also filed with the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), a certification alleging that the '570 patent is invalid, unenforceable, and/or not infringed.

34. By submitting its ANDA No. 20-0043 under § 505(j) of the Federal Food, Drug, and Cosmetic Act for the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of Mylan's generic armodafinil products before the expiration of the '570 patent, Mylan Pharmaceuticals has infringed the '570 patent under 35 U.S.C. § 271(e)(2).

35. Upon information and belief, Mylan Inc., Matrix Ltd., and Matrix Inc. have acted in concert with Mylan Pharmaceuticals, actively supporting, participating in, encouraging, and inducing the filing of Mylan's ANDA No. 20-0043 for Mylan's generic armodafinil products, and in the preparation to sell in the United States Mylan's generic armodafinil products.

36. Upon information and belief, Mylan Pharmaceuticals intends, soon after the FDA has approved Mylan's ANDA No. 20-0043, to begin manufacturing, marketing, selling, and/or offering to sell Mylan's generic armodafinil products with a product insert that will direct physicians and patients in the use of Mylan's generic armodafinil products.

37. Upon information and belief, Mylan's generic armodafinil products, when offered for sale, sold, and/or imported, and when used as directed, would be used in a manner that would directly infringe at least one of the claims of the '570 patent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents.

38. Upon FDA approval of Mylan's ANDA No. 20-0043, Mylan Pharmaceuticals will infringe the '570 patent, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing Mylan's generic armodafinil products in the United States, and by actively inducing infringement by others under 35 U.S.C. § 271(b).

39. Upon information and belief, Mylan Pharmaceuticals will actively aid, abet, encourage, and induce others in the production, importation, sale, offer for sale, and/or use of Mylan's generic armodafinil products.

40. Upon information and belief, Mylan Pharmaceuticals will actively participate in the production, importation, sale, offer for sale, and use of Mylan's generic armodafinil products.

41. Upon information and belief, the offer to sell, sale, and/or importation of Mylan Pharmaceuticals' generic armodafinil products would actively induce infringement under 35 U.S.C. § 271(b) of at least one claim of the '570 patent, either literally or under the doctrine of equivalents.

42. Upon information and belief, Mylan Pharmaceuticals had knowledge of the '570 patent and knows or should know that it will aid and abet another's direct infringement of at least one of the claims of the '570 patent, either literally or under the doctrine of equivalents.

43. As a result of Mylan Pharmaceuticals' infringement of the '570 patent, Cephalon has been and will continue to be damaged unless said infringement is enjoined by this Court. Cephalon has no adequate remedy at law.

## EXCEPTIONAL CASE

44. Mylan Pharmaceuticals' conduct, including its submission of a baseless and wholly unjustified Paragraph IV Certification in Mylan's ANDA No. 20-0043, renders this an exceptional case pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs Cephalon, Inc. and Cephalon France pray for judgment and relief including:

A. A declaration that, under 35 U.S.C. § 271(e)(2)(A), Mylan Pharmaceuticals' submission to the FDA of ANDA No. 20-0043 to obtain approval for the commercial manufacture, use, offer for sale, sale in, or importation into the United States of Mylan's generic armodafinil products before the expiration of United States Patent Nos. RE37,516 and 7,132,570 was an act of infringement of each of the patents-in-suit;

B. A declaration that, under 35 U.S.C. §§ 271(e)(2)(A) and 271(b), Mylan Pharmaceuticals' active and knowing aiding and abetting of the submission to the FDA of ANDA No. 20-0043 to obtain approval for the commercial manufacture, use, offer for sale, or

sale in, or importation into the United States of Mylan's generic armodafinil products before the expiration of United States Patent Nos. RE37,516 and 7,132,570 were acts of infringement of each of the patents-in-suit;

C. A declaration that Mylan Pharmaceuticals would infringe one or more claims of United States Patent Nos. RE37,516 and 7,132,570 under one or more of 35 U.S.C. §§ 271(a)-(c) by its manufacture, use, offering to sell, and sale in, and importation into the United States of Mylan's generic armodafinil products prior to expiration of said patents-in-suit and any additional dates of exclusivity therefor;

D. A permanent injunction pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283, enjoining Mylan Pharmaceuticals, and all officers, agents, servants, employees, privies, and others acting for, on behalf of, or in concert with any of them from infringing any claims of the patents-in-suit with Mylan's generic armodafinil products prior to the expiration date of each of United States Patent Nos. RE37,516 and 7,132,570, and any additional dates of exclusivity;

E. A permanent injunction enjoining Mylan Pharmaceuticals and all persons acting in concert with Mylan Pharmaceuticals from seeking, obtaining, or maintaining approval of Mylan's ANDA No. 20-0043 until the expiration date of each of United States Patent Nos. RE37,516 and 7,132,570, and any additional dates of exclusivity;

F. An order pursuant to 35 U.S.C. § 271(e)(4)(A) that the effective date of any FDA approval of Mylan's generic armodafinil products is not to be earlier than the latest of (i) the expiration date of United States Patent No. RE37,516 and (ii) the expiration date of United States Patent No. 7,132,570.

G. A declaration that Mylan Pharmaceuticals has no legal or equitable defense to Cephalon's allegations of infringement;

H.  An award declaring this case exceptional pursuant to 35 U.S.C. § 285 and granting Cephalon its attorney's fees;

I.  An award of Cephalon's costs and expenses in this action; and

J.  An award of any further and additional relief as this Court may deem just and proper.

Of Counsel:

Charles E. Lipsey
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190
(571) 203-2700

Thomas L. Irving
Barbara R. Rudolph
Mark J. Feldstein
Laura P. Masurovsky
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Dated: March 8, 2010

Respectfully submitted,

_/s/ Mary W. Bourke_
Mary W. Bourke (#2356)
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
mbourke@cblh.com

Attorneys for Plaintiffs
CEPHALON, INC. and CEPHALON FRANCE

# CERTIFICATE OF SERVICE

I, hereby certify that on the 8th day of March, 2010, I served a true and correct copy of **AMENDED COMPLAINT FOR PATENT INFRINGEMENT** on the counsel of record listed below in the manner indicated:

*Via Electronic Mail*
Richard S. Meyer
Cedric C.Y. Tan
TOWNSEND AND TOWNSEND AND
   CREW LLP
1301 K Street, N.W.
Ninth Floor, East Tower
Washington, DC 20005
rmeyer@townsend.com
cctan@townsend.com

*Via Electronic Mail*
John W. Shaw (No. 3362)
Karen L. Pascale (No. 2903)
James L. Higgins (No. 5021)
YOUNG CONAWAY STARGATT &
   & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
jshaw@ycst.com
kpascale@ycst.com
jhiggins@ycst.com

*Via Electronic Mail*
Elham F. Steiner
TOWNSEND AND TOWNSEND AND
   CREW LLP
12730 High Bluff Drive
Suite 400
San Diego, CA 92130
efsteiner@townsend.com

**CONNOLLY BOVE LODGE & HUTZ LLP**

   */s/ Mary W. Bourke*
Mary W. Bourke (#2356)
1007 N. Orange Street
Wilmington, DE 19899
Telephone: (302) 658-9141
Facsimile: (302) 658-5614
mbourke@cblh.com